IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:03CR274 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHRISTOPHER A. ALT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion for status (Filing No. 42) and motion requesting additional time to appeal (Filing No. 43) filed by the Defendant, Christopher A. Alt.

**FACTUAL BACKGROUND**

Alt pleaded guilty to a one-count Indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) & (k).  Alt did not file a direct appeal.  Alt argues that during the sentencing phase of his case his Fifth and Sixth Amendment rights were violated due to 1) the government's alleged breach of the plea agreement by not filing a motion for downward departure based on substantial assistance; and 2) a sentence based on facts he did not admit and that were not found by a jury, an argument based on *United States v. Booker,* 125 S. Ct. 738 (2005), which Alt argues is retroactive.  The § 2255 motion was denied in its entirety on initial review.  (Filing Nos. 38, 39.)

As directed, the Clerk sent a copy of the Memorandum and Order, and Judgment, denying the § 2255 motion to the Defendant.  However, the Clerk neglected to include the Defendant's Marshal's number on the envelope, and the envelope was returned to the Clerk.  (Filing No. 41.)  Upon the filing of the Defendant's motion inquiring as to the status of his § 2255 motion (Filing No. 42), the Clerk remailed the appropriate copies, including

the Defendant's Marshal's number. Upon receipt of the order and judgment denying his § 2255 motion, the Defendant immediately filed his motion requesting that the time for the filing of an appeal be "reopened."

## DISCUSSION

The motion for status (Filing No. 42) is denied as moot.

The motion to "reopen" the time to appeal is granted and considered as a motion for a certificate of appealability. Before the Defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

For the reasons set forth in the Court's previously issued Memorandum and Order (Filing No. 38) denying the defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).  Moreover, since the filing of the Court's previous Memorandum and Order, with respect to the Defendant's *Booker* argument, the claim must be denied as the Eighth Circuit has joined numerous other circuits in concluding that *Booker* is not retroactive in cases involving convictions that were final prior to January 12, 2005.  *Never Misses A Shot v. United States,* 413 F.3d 781, 783 (8th Cir. 2005).

IT IS ORDERED:

1. The Defendant's motion for status (Filing No. 42) is denied as moot;
2. The motion requesting additional time to appeal (Filing No. 43) is granted and considered as a request for a certificate of appealability;
3. A certificate of appealability is denied;
4. The Clerk of Court shall provide a copy of this Order to the Eighth Circuit Court of Appeals; and
5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address and to include his Marshal's number on the envelope.

DATED this 19th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge